UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAVID GELINAS & KAREN GELINAS,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED FINANCIAL MORTGAGE CORPORATION, et al.,<br><br>Defendants. | CASE NO. C11-824-RSM<br><br>ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER |

## I. INTRODUCTION

This matter comes before the Court upon Plaintiffs' Motion for Temporary Restraining Order (Dkt. #2). For the reasons set forth below, Plaintiffs' motion is DENIED.

## II. BACKGROUND

This action concerns property owned by Plaintiffs in Camano Island, Washington (the "property"). On December 27, 2006, Plaintiffs borrowed the sum of $224,000 from Defendant United Financial Mortgage Corporation (UFMC) to purchase the property. Plaintiffs signed and delivered to UFMC a written promissory note. To secure payment of the note, Plaintiffs signed

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER - 1

and delivered to UFMC a Deed of Trust, through which Plaintiff conveyed to Defendant BAC Home Loans Servicing, LP ("BAC") an interest in the property as security for payment of the promissory note to Defendant MERS, the assigned beneficiary. Plaintiffs allege that BAC willfully and materially misrepresented the terms and conditions of the loan documents; that the documents were fraudulent and grossly unfair and provided for excessive and inappropriate fees and interest; and that BAC willfully exploited and took advantage of Plaintiffs' unfamiliarity with loan documents. Plaintiffs contend that the loan documents are therefore invalid and that, as such, no amounts are owed to Defendant BAC.

According to Plaintiffs, BAC contends that Plaintiffs are in arrears on their mortgage in the amount of $53,517.10. Plaintiffs argue that the amount in arrears is $0. Defendant trustee Reconstruct Company ("RC") previously notified Plaintiffs that it would conduct a trustee's sale of the property on May 20, 2011 at 10:00 a.m. Plaintiffs allege that RC has failed to comply with the publishing and posting requirements applicable to non-judicial foreclosures set forth in RCW 61.24.040. The trustee's sale is now scheduled to take place on May 27, 2011.

On May 16, 2011, Plaintiffs filed a complaint alleging the foregoing, seeking a declaratory judgment that Plaintiffs did not breach the terms of the promissory note and deed of trust and that RC failed to comply with the non-judicial foreclosure sale procedure. Plaintiffs also seek to enjoin Defendants from taking any actions to enforce the terms of the loan. On May 24, 2011, Plaintiffs filed a Motion for Temporary Restraining Order seeking to enjoin the trustee's sale to take place on Friday May, 27, 2011.

## III. DISCUSSION

Under the Federal Rules of Civil Procedure, a temporary restraining order may be granted without notice only if (1) it clearly appears from the specific facts shown by affidavit or by the

verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition and (2) the applicant or applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required. Fed.R.Civ.P. 65(b)(1). The basic function of such injunctive relief is to preserve the *status quo* pending a determination of the action on the merits. *Los Angeles Memorial Coliseum Com'n v. National Football League,* 634 F.2d 1197, 1200 (9th Cir.1980). Plaintiffs have not provided the Court with any certification regarding efforts made to give notice or reasons why notice should not be required to the other party. A temporary restraining order cannot issue without such certification.

Moreover, nonjudicial foreclosures in Washington are governed by the Deed of Trust Act ("DTA"), chapter 61.24 RCW. *Cox v. Helenius,* 103 Wash.2d 383, 693 P.2d 683, 685 (Wash.1985). The procedure set forth in RCW 61.24.130 for restraining a trustee's sale initiated pursuant to the DTA is "the only means by which a grantor may preclude a sale once foreclosure has begun with receipt of the notice of sale and foreclosure." *Cox,* 693 P.2d at 686. Under the statute, a court must "require as a condition the granting of a restraining order or injunction that the applicant pay to the clerk of the court the sums that would be due on the obligation secured by the deed of trust if the deed of trust was not being foreclosed." RCW 61.24.130(1). In addition, the individual seeking the restraint must give "five days notice to the trustee of the time when, place where, and the judge before whom the application for the restraining order or injunction is to be made." RCW 61.24.130(2). "No judge may act upon such application unless it is accompanied by proof, evidenced by return of a sheriff, the sheriff's deputy, or by any

person eighteen years of age or over who is competent to be a witness, that the notice has been served on the trustee." *Id.*

Plaintiffs have not provided any evidence that they have complied with the provisions of the DTA. They have not paid to the clerk the sums that would be due on the obligation if the deed of trust was not being foreclosed. Nor have plaintiffs provided the court with certification that they have provided the trustee with five days notice of the instant motion for temporary restraining order. Since the trustee's sale is scheduled to occur in two days, it is no longer feasible for Plaintiffs to comply with this requirement. Accordingly, the Court cannot grant the relief requested.

## IV. CONCLUSION

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS:

(1) Plaintiffs' motion for temporary restraining order (Dkt. #2) is DENIED.

(2) The Clerk is directed to forward a copy of this order to Plaintiffs and any counsel of record.

Dated May 25, 2011.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE